Wheaton *v.* Phillips. '

---

## WHEATON and COLE *vs.* PHILLIPS and wife.

A *feme covert* holding real and personal estate in her own right under the act of 1852, and carrying on a separate business on her own account to a large extent, is answerable in this court for a debt incurred in such business.

Remedies should adapt themselves to the times, and to new customs and manners, as they arise; and in view of the legislative enactments on the subject of the rights of married women, no reason appears to exist why courts of law should not maintain an action for debts due from the wife: the remedy in equity is free from all doubt whatever.

---

T*

The bill in this case charges that Ann Phillips, who is the wife of Robert W. Phillips, owns real estate in the city of Hoboken, and that she is possessed, also, of considerable personal property, which real and personal estate she holds in her own name, under the act of the legislature entitled, "An act for the better securing the property of married women," approved March 25th, 1852; that she has been living separate and apart from her husband for a number of years, during which period she has carried on, in her own name and on her own account, a separate business in buying and selling butter to a large extent; that for the purposes of said business, she from time to time purchased butter of the complainants, amounting in all to the value and price of $2071.61; that there is a balance now due from the said Ann to the complainant, on a settlement of their accounts, $345.80, which the said Ann promised to pay. The bill charges that the husband is insolvent, and that the complainants cannot get payment of their said debt, except by a resort to the said separate estate of the said Ann. An account is prayed, and that the amount found due may be decreed a lien upon the said separate estate.

No answer was filed, and an order was made to take proofs. The proofs taken sustained the bill as to the facts stated above.

The case was opened to the court by *Jacob Weart*, for the complainants, who cited *Leaycraft* v. *Hedden*, 3 *G. Ch. R.* 512; *Murray* v. *Barlee*, 3 *Mylne & Keene* 209; *Cheeseborough* v. *House*, 5 *Duer's R.* 130; *Yale* v. *Dederer*, 21 *Barb. S. C. R.* 290; *Willard's Eq. J.* § 651; 2 *S. E. J.* § 1400; *Vanderheyden* v. *Mallory*, 1 *Comstock* 462; *Colvin* v. *Currier*, 22 *Barb. S. C. R.* 371; *Coon* v. *Brook*, 21 *Barb. S. C. R.* 548; *Dickerman* v. *Abrahams and wife*, 21 *Barb. S. C. R.* 551.

THE CHANCELLOR gave no written opinion, but stated

orally, that he had no doubt of the complainants being entitled to a decree as the case was presented upon the pleadings and proofs; that he coincided with the sentiment of *Lord Mansfield*, in *Corbitt* v. *Porlnitz*, 1 *T. R.* 5, that remedies must adapt themselves to the times, and to new customs and manners as they arise, and that although the decision made in that case was afterwards, in *Marshall* v. *Rutton*, 8 *T. R.* 545, overruled by the unanimous determination of all the judges, yet, in view of the legislative enactments upon the subject of the rights of married women to the real and personal estate which they may have at their marriage, or acquire afterwards by gift, grant, devise, or bequest, he thought the time had fully come when courts of law ought to maintain an action for debts due from the wife as well as courts of equity; but that as to the propriety of a court of equity's maintaining a suit like this there could be no doubt whatever.

A decree was ordered for the complainants.